**ZINKER & HERZBERG, LLP**
**ATTORNEYS AT LAW**

300 Rabro Drive, Suite 114
Hauppauge, New York 11788

_____

Telephone:  (631) 265-2133
Fax No.: (631) 265-4233
E-Mail Address: mail@zandhlaw.com

EDWARD ZINKER, P.C.
JEFFREY HERZBERG, P.C.

December 22, 2015

The Honorable Denis R. Hurley
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

  Re: Gabriel Yupa v. Country Stone & Fence Corporation and Jose Inga
     Case No. 14-CV-7384 (DRH)(AKT)

Your Honor:

I am writing this letter to request a pre-motion conference on behalf of the Defendants Country Stone & Fence Corporation ("Country Stone") and Jose Inga ("Inga") ("Country Stone and Inga are referred to in the aggregate as the "Defendants") and, thereafter, granting permission and authorization to file a motion dismissing this action based on the failure of this Honorable Court to have jurisdiction to hear and determine this matter.

Please note that the Pre-Trial Conference Minute Order issued by the Honorable A. Kathleen Tomlinson, a United States Magistrate Judge, dated December 16, 2015, as amended by the Order Granting Motion to Amend/Correct/Supplement dated December 18, 2015 (referred to in the aggregate as the "Pretrial Conference Order") authorized and permitted the Defendants to file this request for a pre-motion conference based on the lack of jurisdiction of this Honorable Court to hear and determine this matter.

This matter is based on the purported failure of Country Stone and its principal, Inga, to pay the Plaintiff Gabriel Yupa ("Yupa") overtime pay for Yupa allegedly working greater than forty (40) hour per week during certain weeks in 2011.  Yupa, through his entity, Gabriel Yupa Masonry a/k/a Gabriel Masonry, performed certain masonry work for and on behalf of Country Stone during the summer and fall of 2011, as evidenced that the checks issued to Gabriel Yupa Masonry and/or Gabriel Masonry were: (a) $1,100  dated 9/2/11; (b) $2,000 dated 7/23/11,

(c) $700 dated 5/26/11, (d) $3,000 dated 9/2/11; and (e) $3,000 dated 9/6/11 (the complaint stated that the masonry services commenced in March of 2012).

During the 2011 and 2012 calendar/tax year, Country Stone had less than $500,000 in annual revenues. By statute, entities having less than $500,000 in annual revenues are not engaged in interstate commerce and are, accordingly, exempt from the provisions set forth in the Fair Labor Standards Act ("FLSA") in accordance with the provisions set forth in 29 U.S.C. §203(s)(1)(A). 29 U.S.C. §203(s)(1)(A) provides in pertinent part:

> "Enterprise engaged in commerce or in the production of goods for commerce' means an enterprise that --
> has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).'"

The 2011 and 2012 tax returns of Country Stone reflected that Country Stone had less than $500,000 in revenues in both 2011 and 2012. It should be noted that in accordance with the Pretrial Conference Order, the Plaintiff may procure a copy of the Country Stone's financial records from Country Stone's accountant, and depose the accountant on or before February 15, 2016. The issue is whether Yupa can negate the exemption provisions set forth in 29 U.S.C. §203(s)(A)(ii) by demonstrating that the annual revenues from the years subsequent to 2012 exceeded the $500,000 threshold. Cisneros-Meneses v. MKSC, LLC, 2015 U.S. Dist. LEXIS 121391 (E.D. Va. 2015) stated at *9: "Furthermore, the gross annual business volume of defendant exceeded $500,000 at all times **relevant to this action** (the plaintiff had worked for the employer from 3/10 to 4/14) (Emphasis Added). Please see also Russell v. Cont'l Rest., Inc., 430 F.Supp.2d 521, 524, 2006 U.S. Dist. LEXIS 29823 (D. Md. 2006). And as Russell v. Cont'l Rest., Inc. made lucid even if the employer was not an enterprise engaged in interstate commerce, the employer can still be liable if the employee had engaged in interstate commerce. Herein, Yupa, whether as an employee or as a contractor, was never engaged in interstate commerce under the standards set forth in Russell v. Cont'l Rest., Inc. Yupa, as an employee or as an independent contractor, was engaged in fence construction and/or masonry at residential units in the Hamptons.

It should be further noted that as the Pre-Trial Order notes, the Defendants missed the deadline to file a motion for summary judgment based on the expiration of the two (2) year statute of limitations set forth in 29 U.S.C. §255 for the commencement of the action. The undersigned counsel apologizes to this Honorable Court for its need to address the 29 U.S.C. §203(s)(1)(A) issue due to the failure of the undersigned counsel to file a timely motion for summary judgment.

Respectfully submitted,

/s/ Jeffrey Herzberg
Jeffrey Herzberg