UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------

GABRIEL YUPA,

                Plaintiff,

    v.

COUNTRY STONE & FENCE CORPORATION
and JOSE INGA,

                Defendants.

------------------------------------

Case No. 14-cv-7384 (DRH)(AKT)

**ORAL ARGUMENT REQUESTED**

**PLAINTIFF'S COUNTERSTATEMENT OF FACTS PURSUANT TO LOCAL CIVIL RULE 56.1**

MATTHEW BERMAN, an attorney duly admitted to practice law in the courts of the State of New York, hereby affirms as follows:

1) I am an associate of the law firm of Valli Kane & Vagnini, LLP, attorneys for Plaintiff in this action.

2) The facts set forth herein are based only on the documentary evidence and the facts set forth in the Summons & Complaint (Exh. A), Answer (Exh. B), in the Affidavit of John Risotto (Exh. C) and accompanying documents Bates Stamped JR0000001-22 (Exh. D), in the Affidavit of Sal Militello (Exh. E) and the accompanying Wayside Fence documents Bates Stamped W0010-85 (Exh. F), the Bistrian Materials documents Bates Stamped B001-26 (Exh. G), and the transcript of the deposition of Jose Inga, dated September 15, 2015 (Exh. H).

3) The following materials facts are in dispute:

a) Defendants contend that Plaintiff worked for Country Stone as either an employee or an independent contractor during *only* the 2011 and/or 2012 calendar years. In contrast, the complaint alleges that Plaintiff's claim stem from his employment by Defendants during the period beginning in March 2012. Defendant cites to certain checks issued in 2011 payable to Gabriel Yupa Masonry. Those checks are not admissible evidence insofar as they are not authenticated nor are they the subject of any sworn testimony, affidavit or declaration. Nevertheless, even were they to be admitted, they are not probative of Plaintiff's status as an employee of Defendants *during the relevant time period from March 2012 through 2013*. Defendant has produced no admissible evidence supporting their contention that Plaintiff was not an employee of Defendants from March 2012 through 2013. In contrast, during his deposition, Defendant Inga testified that he could not remember the period of Plaintiff's employment:

2

> Q. 2011 was the last time that he worked for you?
> A. "I don't know if it was 2011 or 2012.
> Q. Do you have your employee records for 2012 that would show that he didn't work for you, that Mr. Yupa didn't work for you?
> A. In 2012?
> Q. Yes.
> A. No, because I only have records of my brother than began to work in April.

Inga Dep. Tr. (Exh. H) at 57. Inga also testified elsewhere during his deposition testimony that Plaintiff came back to work for Defendants again in 2012:

> Q. You understand that keeping records is party of your responsibility as an employer?
> A. Yes. Like I explained before, I'm not good at office things. I can have records of my taxes, of the bank accounts, of ills that I paid to the company where I buy the material, of the bills that the clients had paid me or not paid me. But having a record of this genetleman that worked for me, he worked for me in 2007, also, and I am not going to have the record from 2007. **And then he came back in 2010 and again in 2012**.

Inga Dep. Tr. (Exh. H) at 45 (emphasis added).

> Q. So then, Mr. Yupa was working for you in 2012?
> A. I don't know if it was 2011 or 2012.

Inga Dep. Tr. (Exh. H) at 60-61.

b) Defendants contend that the work performed by Plaintiff (either as an independent contractor or as an employee), consisted of masonry work. Defendants contend that Plaintiff's work entailed installing fencing around swimming pools, for deer, and repairing the floors of pools with brick and stone, mostly in the Hamptons area. Plaintiff asserts that his work for Defendants extended beyond the duties and responsibilities admitted to in Defendants' Rule 56.1 Affirmation. Plaintiff's work for Defendants included, among other things: the production and installation of fencing for both swimming pools and for animal control purposes; construction of new backyards and patios out of brick and stone;

repairing backyards and patios utilizing bricks and stone; repairing the floors of swimming pools utilizing bricks and stone, and utilizing flatbeds trucks, SUVs and cement mixers to transport goods and materials. *See* Inga Dep. Tr. (Exh H) at 26-32; *see also* Exh. G, at B010 (documenting Defendants' purchases of construction materials including sand, column units, rebar, and cement). In addition to working with the goods and materials identified above, in the course of performing his duties, Plaintiff regularly worked with purchased trade goods originating from outside of New York State and with manufactured trade goods manufactured using components sourced from outside of New York State. *See* Militello Aff. (Exh. E) at ¶¶8-10; *see also* Inga Dep. Tr. (Exh H) at 28 (identifying sources of the Defendants' materials); *accord* Affidavit of Jon Risotto (Exh C.), at ¶11 (documenting "recurring expenditures" including the purchase of materials from vendors, expressly including Wayside Fence and various national retailers, including Radio Shack, Lowes, Home Depot, and Snug Cottage.)"

c) Plaintiff agrees that Defendant Country Stone operated a seasonal business.

d) During the 2011 calendar year, Defendant Country Stone's gross revenues are purported to be $358,530.00.

e) During the 2012 calendar year, Defendant Country Stone's gross revenues are purported to be $440,816.00

f) During the 2013 calendar year, Defendant Country Stone's gross revenues are purported to be $556,804.00. *See* Risotto Aff. (Exh. C), at 9; *see also* JR000012 (Exh D.)

Dated: June 27, 2016
       New York, New York

                        VALLI KANE & VAGNINI LLP

                        <u>/s/ Matthew L. Berman</u>
                        Robert J. Valli, Jr.
                        James A. Vagnini
                        Matthew L. Berman
                        600 Old Country Road
                        Garden City, New York 11530
                        Tel: (516) 203-7180
                        Fax: (516) 706-0248
                        mberman@vkvlawyers.com

                        *Attorneys for Plaintiffs*