UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
GABRIEL YUPA,

     Plaintiff,         **MEMORANDUM & ORDER**

 -against-            Civil Action No. 14-7384

COUNTRY STONE & FENCE
CORPORATION and JOSE INGA,
      Defendants.
-------------------------------------------------X

**APPEARANCES:**

**Valli Kane & Vagnini, LLP**
Attorneys for Plaintiff
600 Old Country Road, Suite 519
Garden City, New York 11530
By: Robert J. Valli, Jr, Esq.
   James A Vagnini, Esq.
   Matthew L. Berman, Esq.

**ZINKER & HERZBERG, LLP**
Attorneys for Defendants
300 Rabro Drive, Suite 114
Hauppauge, New York 11788
By: Jeffrey Herzberg, Esq.

**HURLEY, Senior District Judge:**

   Plaintiff Gabriel Yupa ("plaintiff") commenced this action against Country Stone & Fence Corporation ("CSF") and Jose Inga ("Inga") (collectively "defendants") alleging that defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA") by failing to pay him overtime. The complaint also asserts violations of the New York Labor Law ("NYLL"). Presently before the Court is defendants' motion for summary judgment. At issue on

this motion is whether plaintiff is a covered employee under the FLSA. For the reasons set forth below, defendants' motion is granted.

## BACKGROUND

The following facts are uncontroverted unless otherwise noted:

CSF is a seasonal business performing stone and fence work in the Hamptons from April to September each year. (Inga De. at 26, 35-36.) Plaintiff worked for CSF during the 2011 and 2012 calendar years. (*Id.* at 52, 54, 56-57, 60-61, 71.)[1] The parties dispute whether he was an employee or an independent contractor but for purposes of this motion, he is considered an employee. Defendant contends that plaintiff's duties entailed installing fences around swimming pools for deers and repairing the floors of pools with brick and stone. Plaintiff asserts that in addition to the foregoing, his duties included the production and installation of fencing for both swimming pools and for animal control purposes and the construction and/or repair of new backyards and patios out of brick and stone. CSF's income tax returns reported gross revenues of (a) $358,530 for the 2011 calendar year; (b) $440,816.00 for the 2012 calendar year; and (c)

---

[1] Relying solely on the complaint in opposing the relief sought by defendant, plaintiff maintains that he was an employee from "March 2012 through 2013" and that Defendant has not produced any evidence supporting their contention that plaintiff was not an employee during this time period. (Pl.'s Counterstatement of Facts at ¶ 3a.) However, the allegations of the complaint are not evidence. Moreover, the complaint does not state plaintiff was employed from March 2012 through 2013. Rather, it states that "[he] is a former employee of Defendants" and that "[i]n or about March 2012, [he] began employment with Defendants." (Compl. ¶¶ 8 & 21.) The complaint is devoid of any allegation the plaintiff worked in 2013. Finally, the deposition of Inga make clear that the last time plaintiff worked for him was either 2011 or 2012. (*See, e.g.,* Inga Dep. at 45, 57, 60-61). No evidence offered on this motion that would support an inference that plaintiff was employed by Defendants in 2013. The evidence that defendants purchased materials from one of its vendors, Wayside Fence Co., in the years 2011 to 2013 (*see* Militello Aff. ¶¶ 6 & 10) does not establish plaintiff's dates of employment.

$556,804.00 for the 2013 calendar year. (Defs.'s Ex F.)[2]

## DISCUSSION

**I.      Standard: Motion for Summary Judgment**

Summary judgment pursuant to Rule 56 is only appropriate where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates the absence of a genuine issue of material fact, and one party's entitlement to judgment as a matter of law. *See Viola v. Philips Med. Sys. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994). The relevant governing law in each case determines which facts are material; "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). No genuinely triable factual issue exists when the moving party demonstrates, on the basis of the pleadings and submitted evidence, and after drawing all inferences and resolving all ambiguities in favor of the non-movant, that no rational jury could find in the non-movant's favor. *Chertkova v. Conn. Gen. Life Ins. Co.*, 92 F.3d 81, 86 (2d Cir. 1996) (citing Fed. R. Civ. P. 56(c)).

To defeat a summary judgment motion properly supported by affidavits, depositions, or other documentation, the non-movant must offer similar materials setting forth specific facts that show that there is a genuine issue of material fact to be tried. *Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996). The non-movant must present more than a "scintilla of evidence," *Delaware & Hudson Ry. Co. v. Consol. Rail Corp.*, 902 F.2d 174, 178 (2d Cir. 1990) (quoting

---

[2] Although plaintiff's Counterstatement of Facts refers to CSF's gross revenues as "purported" to be in the amounts referenced above, plaintiff has submitted no evidence to dispute those amounts. As discussed *infra*, the amount of gross receipts listed on a tax return can be used to establish annual gross volume.

3

*Anderson*, 477 U.S. at 252), or "some metaphysical doubt as to the material facts," *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1072 (2d Cir. 1993) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)), and cannot rely on the allegations in his or her pleadings, conclusory statements, or on "mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. Cnty. of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (internal citations omitted).

The district court, in considering a summary judgment motion, must also be "mindful of the underlying standards and burdens of proof," *Pickett v. RTS Helicopter*, 128 F.3d 925, 928 (5th Cir. 1997) (citing *Anderson*, 477 U.S. at 252), because the evidentiary burdens that the respective parties will bear at trial guide district courts in their determination of summary judgment motions. *Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988). Where the non-moving party will bear the ultimate burden of proof on an issue at trial, the moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an essential element of the non-movant's claim. *Id*. at 210-11. Where a movant without the underlying burden of proof offers evidence that the non-movant has failed to establish her claim, the burden shifts to the non-movant to offer "persuasive evidence that [her] claim is not implausible." *Id*. at 211 (citing *Matsushita*, 475 U.S. at 587). "[A] complete failure of proof concerning an essential element of the [non-movant's] case necessarily renders all other facts immaterial." *Crawford*, 758 F.3d at 486 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

II.  "Timeliness" of the Instant Motion

Preliminarily, the Court addresses plaintiff's argument that the instant motion should be

4

denied as untimely.

Pursuant to the final scheduling Order entered by Magistrate Judge Tomlinson, the deadline to start the dispositive motion process (viz. file a pre-motion conference letter in accordance with this Court's Individual Practice Rules) was September 30, 2015. [DE 28 at p.4.] That deadline passed without either party filing a pre-motion conference letter. A pretrial conference was held on December 15, 2016. During that conference Judge Tomlinson noted that in the Joint Pretrial Order ("JPTO") defendant stated he intended to file a motion for summary judgment based on three issues but that the time to make such a motion had passed. She then made the following ruling:

> I will permit defendants' counsel an extension of one week to file such a letter on the sole issue of whether the defendant company meets the definition of "employer" under the FLSA based upon the minimum $500,000 annual gross revenues threshold. Defendants' counsel claims that this is not the case. The parties submitted some information previously to this court on that issue. However, this matter is a jurisdictional issue that, without agreement by the parties, must be resolved by the District Judge. Therefore. defendants' counsel has until December 22, 2015 to file his letter request for a pre-motion conference to Judge Hurley. . . .
>
> Defendants may not move for summary judgment on the other issues raised in the JPTO since they are far beyond the deadline to do so. . . .

[DE 34.][3]

Citing cases that hold the FLSA's $500,000 is not jurisdictional but rather an element of the claim on the merits, plaintiff asserts that in order to make "an end run around" Federal Rule

---

[3] The other issues defendants proposed to include in their motion for summary judgment were (1) the claims are barred by the statute of limitations and (2) CFS hired "Gabriel Yupa Masonry and not the plaintiff Gabriel Yupa, individually." (DE 33 at p.4.)

of Civil Procedure 56(b) defendants couched their motion as one pertaining to jurisdiction "that could be raised without regard to the time constraints of Rule 56(b)." (Pl.'s Mem. in Opp. at 7.) As the proposed basis is not jurisdictional, plaintiff posits that it should be barred as untimely. (*Id.*)

Having considered plaintiff's argument, the Court in the exercise of its discretion declines to reject this motion as untimely. Having reviewed the record in this case, it is apparent that plaintiffs were aware that there was an issue as to whether the FLSA coverage requirements were met. Thus, plaintiff was not taken by surprise. Moreover, plaintiff never moved for reconsideration of, nor filed an appeal from, Judge Tomlinson's December 15, 2016 Order.[4] The Court will therefore proceed to the merits of the motion, although this should not be taken as countenancing defendants' dilatory conduct.

## II. Plaintiff as a Covered Employee under the FLSA

The FLSA requires that employers pay covered employees a premium or overtime wage for hours worked in excess of forty hours in a single work-week. Covered employees are those employees who were "(1) personally engaged in interstate commerce or in the production of goods for interstate commerce ('individual coverage'), or (2) [were] employed in an enterprise engaged in interstate commerce or in the production of goods for interstate commerce ('enterprise coverage')." *Iqbal v. Multani*, 2013 WL 5329286, at *5 (E.D.N.Y. Sept. 20, 2013); *see Jacobs v. N.Y. Foundling Hosp.*, 577 F.3d 93, 96 (2d Cir. 2009) (stating that the two categories of FLSA coverage "are commonly referred to as 'individual' and 'enterprise'

---

[4] The Court notes that plaintiff did raise this issue in opposition to defendants' pre-motion conference letter.

coverage"). See 29 U.S.C. § 207(a)(1) (emphasis added).

### A. Individual Coverage

If an individual employee is "engaged in commerce or in the production of goods for commerce," regardless of whether her employer is an enterprise, that employee is protected by the FLSA's individual coverage. 29 U.S.C. § 203(r)(1). The FLSA defines "commerce" as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b); *see* 29 C.F.R. § 779.103. An employee engages in commerce when "a substantial part of the employee's work is related to interstate commerce." *Boekemeier v. Fourth Universalist Soc. in City of N.Y.*, 86 F. Supp.2d 280, 287 (S.D.N.Y. 2000) (quoting *Divins v. Hazeltine Electronics Corp.*, 163 F.2d 100, 103 (2d. Cir. 1947)). "The test . . . is not whether the employee's activities affect or indirectly relate to interstate commerce but whether they are actually in or so closely related to the movement of the commerce as to be a part of it." *McLeod v. Threlkeld*, 319 U.S. 491, 497 (1943). His work must be "directly and vitally related to the functioning of an instrumentality or facility of interstate commerce . . . rather than isolated local activity." *Mitchell v. C.W. Vollmer & Co.*, 349 U.S. 427, 429 (1955). Activities that "simply affect or indirectly relate to interstate commerce" are insufficient to plead individual coverage. *Li v. Zhao*, 35 F. Supp.3d 300, 308 (E.D.N.Y. 2014) (internal citation and quotation marks omitted); *see Ethelberth v. Choice Sec. Co.*, 91 F. Supp.3d 339, 354 (E.D.N.Y. 2015) ("As a basic rule, if the plaintiff did not have any contact with out-of-state- customers or businesses, he cannot be individually covered under the FLSA.")

The evidence in this case is insufficient to establish individual coverage. That plaintiff may have produced and installed fencing, constructed new backyards and patios out of brick and

stone, repaired swimming pools and utilized "flatbeds, trucks, SUVs, and cement mixers to transport goods and materials" (Pl.'s Mem. in Opp. at 10) does not qualify as plaintiff's work was confined to the Hamptons. There is no evidence that his work involved the production of goods "among the several States or between any State and any place outside thereof." Moreover, that he may have regularly worked with goods that originated from outside of New York does not qualify him as an employee engaged in commerce. *See McLeod*, 319 U.S. at 494 ("[E]mployees who handle goods after acquisition by a merchant for general local disposition are not [engaged in commerce]."); *Walker v. Interfaith Nutrition Network, Inc.*, 2015 WL 4276174, *4 (E.D.N.Y. July 14, 2015) ("Plaintiffs' allegation that they 'routinely used and handled goods, equipment, and other materials, such as motor vehicles, hammers, screwdrivers, ice melt, cement, snow blowers, etc., much of which originated or was manufactured in states other than New York' . . . does not support their claim of individual coverage."); *Li v. Zhao*, 35 F. Supp.3d at 308 (plaintiff's use of vehicle manufactured in another state insufficient to establish individual coverage).

As there is no evidence that would permit a jury to conclude that individual coverage exists, the Court shall now examine whether enterprise coverage exists.

    **B.    Enterprise Coverage**

Enterprise coverage under the FLSA requires that the employee demonstrate that the employing entity "has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and "is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of

excise taxes at the retail level that are separately stated)." 29 U.S.C. § 203(s)(1). *Accord Koszkos v. Janton Industries, Inc.*, 2016 WL 4444329, * 4 (E.D.N.Y. Aug. 3, 2016).

Under Department of Labor regulations, whether an employer meets the above commerce criteria is "determined on an annual basis" and is satisfied if the employer meets the gross sales requirement and "regularly and recurrently has at least two or more employees engaged in . . . activities" provided for under the Act. 29 C.F.R. § 779.238. The regulation states that "an enterprise that has employees engaged in such activities only in isolated or sporadic occasions, will not meet this condition." *Id*. Surpassing this threshold, however, "is relatively easy to establish." *Rocha v. Bakhter Afghan Halal Kababs, Inc*., 44 F. Supp.3d 337, 346 (E.D.N.Y. 2014). Unlike individual coverage, enterprise coverage does not require "the employee . . . to be involved in an activity that affects interstate commerce." *Boekemeier*, 86 F. Supp. 2d at 285 (citations omitted).

There appears to be no dispute that CFS had "employees handling, selling, or otherwise working on goods or materials that have been moved in commerce" as the evidence submitted demonstrates that CFS purchases its materials from vendors within New York but that those materials come from outside the State of New York. *See Velez v. Vassallo*, 203 F. Supp.2d 312, 328 (S.D.N.Y. 2002) ("even a local laundry is covered if the soap it uses moved in interstate commerce"); *Archie v. Grand Cent. Partnership, Inc*., 997 F. Supp. 504, 530 (S.D.N.Y. 1998) (sanitation crew equipment, including bags, brooms, shovels, and scrapers, "undoubtedly moved in interstate commerce to New York City").

Here, the issue is whether CFS does business in an amount of not less than $500,000. With respect to 2011 and 2012, plaintiff's suggest that the first page of CFS's tax return for those

years is insufficient to establish its gross revenue. (Pl.'s Mem. in Opp. at 13.) However, each of the tax return's submitted by CFS recite the amount of "gross receipts or sales." The regulations promulgated by the Labor Department permit the use of records maintained for tax purposes to be used in computing the annual dollar volume. *See* 29 C.F.R. § 779.266 (b). Nor is their any evidence before this Court that suggests these tax returns are inaccurate. Hence, the submitted tax returns are sufficient to establish the CFS's annual gross revenue. *See Li v. Zhao*, 35 F. Supp.3d at 306 ("It is not enough for [plaintiff] to argue that the tax returns did not credibly report the restaurant's gross sales, when considered alongside its costs, without furnishing concrete and affirmative evidence to support the conclusion that the restaurant's gross sales were more than $500,000 every year.") (internal quotation marks omitted); *Li v. Cheng*, 2012 WL 1004852, at *5–6 (E.D.N.Y. Mar. 23, 2012) (granting the defendants' summary judgment motion, because "Plaintiffs' opposition to [this motion] attacks the accuracy of [the restaurant's tax returns] . . . but they have offered no evidence to support this assertion"); *cf. Grant v. All Star Baby Safety, Inc.*, 2016 WL 3746565 (E.D.N.Y. July 8, 2016) (stating tax returns can be considered in determining whether the FLSA's $500,000 threshold has been met.) For the years 2011 and 2012, there is no evidence before this Court that would allow a jury to conclude that CFS had gross revenue of at least $500,000 and therefor was subject to the FLSA's overtime requirements during those two years.

Plaintiff asserts, however, that the monetary threshold has been met "for at least a portion of the relevant time period" as "Defendants do not dispute that their annual gross revenue for 2013 was well over five hundred thousand dollars." (Pl.'s Mem. in Opp. at 14.) There is no *evidence*, however, that plaintiff was employed by defendants during 2013. Neither the

complaint, even if it could be read to allege such employment, nor the unsupported assertions in plaintiff's Counterstatement of Facts, constitute evidence. *See* note 1 *supra.*

As there is no evidence that would permit a jury to conclude that CFS had gross revenues of at least $500,000 during the years of plaintiff's employment, there is no enterprise coverage.

Defendants' motion for summary judgment on the FLSA claim is granted.

**III. Plaintiff's State Labor Law Claims**

Having found that plaintiff's FLSA claim fails, there is no longer any independent basis for federal jurisdiction in this action. Although the Court has the discretion to exercise supplemental jurisdiction over Plaintiff's remaining NYLL claims, *see* 29 U.S.C. § 1367(a), it declines to do so as resolution of the state claim would require the determination of additional factual and legal issues. *See* 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."); *N.Y. Mercantile Exch., Inc. v. Intercontinental Exch., Inc.*, 497 F.3d 109, 119 (2d Cir. 2007) ( holding that dismissal of remaining state claims after the dismissal of federal claims is particularly appropriate where the resolution of the state law claims entails resolving additional legal and factual issues). "While discovery has been completed and the instant case proceeded to the summary judgment stage, it does not appear that any discovery would need to be repeated if [Plaintiff's] pendent claim [] [was] brought in state court." *Tishman v. The Associated Press,* 2007 WL 4145556 at *9 (S.D.N.Y. Nov. 19, 2007). Moreover, "'[s]ince [New York CPLR § 205] allows a plaintiff to recommence a dismissed suit within six months without regard to the statute of limitations,' plaintiff[] will not be prejudiced by the dismissal of [the NYLL] claim[]." *Id.* (quoting *Trinidad v. N.Y. City Dept. of Corr.*, 423 F.

Supp. 2d 151, 169 (S.D.N.Y. 2006) (alterations in original) (additional citations omitted).

Accordingly, Plaintiff's NYLL claim is dismissed without prejudice.

**Conclusion**

For the reason set forth above, Defendants' motion for summary judgment is granted on the FLSA claim and the NYLL claim is dismissed without prejudice. The Clerk of Court is directed to enter judgment accordingly and to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
　　　　January 3, 2017　　　　　　　　　　　　　　 s/ Denis R. Hurley
　　　　　　　　　　　　　　　　　　　　　　　　　Denis R. Hurley
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge